UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE MEDRANO, ) | |
|    Plaintiff, ) | |
| ) | Case No. 17-1157 |
| ) | |
| MICHAEL MELVIN, et. al., ) | |
|    Defendants. ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's 40 page complaint identifies 27 Defendants who Plaintiff alleges violated his rights pursuant to the Americans with Disabilities Act (ADA), the Rehabilitation Act, the First Amendment, the Fourth Amendment, the Eighth Amendment, the Fourteenth Amendment, and various state law torts.

Plaintiff begins his complaint with a list of the Defendants noting each is "legally responsible for the welfare of all inmates at Pontiac" Correctional Center. (Comp., p. 3-7). Plaintiff then identifies Count I as an ADA violation. Plaintiff says he suffers from severe degenerative joint disease, a disk bulge, a sciatic nerve condition, stenosis, a tear in his right shoulder and carpel tunnel. (Comp., p. 8) Plaintiff says his conditions "put

1

severe limitations on the Plaintiff's major life activities" (Comp, p. 8). He has complained repeatedly through letters, grievances, and verbal requests for "accommodations" for his conditions without success. (Comp., p. 8).

Plaintiff then complains there are no grab bars or floor mats in the showers, the cells are too small, the visiting room is uncomfortable and aggravates his condition, and he is forced to walk up flights of stairs in the law library. Plaintiff says the Defendants refused to take action, and as a result, he fell in the shower on November 14, 2016. Plaintiff also makes reference to his complaints concerning ADA violations in 2008, 2012 and 2014.

Count two alleges the Defendants violated his Eighth Amendment rights and his rights pursuant to the ADA when he was denied an orthopedic mattress. Plaintiff first began complaining about the need for an orthopedic mattress in 2014, but does not allege any medical provider ever said Plaintiff needed the mattress.

Count three alleges deliberate indifference to a serious medical condition, but it is not entirely clear which medical condition is at issue. Plaintiff begins this claim referencing a denial of medication in 2013, but he then discusses a denial of medical care for injuries after he fell in the shower in November of 2015.

Count four alleges retaliation and a violation of the Fourteenth Amendment. Plaintiff says Defendants have refused to process his grievances in retaliation for his previous grievances and litigation.

Count five alleges the state law tort of intentional infliction of emotional distress based on a denial of medical treatment, but he does not identify any specific Defendant.

Count six alleges a vague civil conspiracy and count seven alleges "respondeat superior." (Comp., p. 31). The final pages of Plaintiff's complaint are again labeled "Legal Claims" and apparently restate his potential allegations. (Comp., p. 32-37).

There are several problems with Plaintiff's complaint. Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." *See* 42 USCA § 12102(1)(A).

The Rehabilitation Act (RA) also prohibits discrimination against qualified individuals based on a physical or mental disability, but includes an additional element requiring the entity denying access receive federal funds. *See* 29 U.S.C. §§ 794-94e; *see also Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012).

Discrimination under both statutes includes the failure to accommodate a disability. *Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015). "In a prison setting, access to meals and certain housing facilities, including showers, toilets and sinks, are among the programs and activities protected by the ADA and the Rehabilitation Act." *Peters v. United States,* 2017 WL 2533652, at *4 (S.D.Ill. June 12, 2017)(citing cases).

Finally, claims pursuant to the ADA or RA cannot proceed against "individual employees of IDOC." *Id*. Instead, the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Peters*, 2017 WL 2533652, at *4; *Jaros*, 684 F.3d at 670 n.2. Plaintiff has not named the Illinois Department of Corrections as a Defendant,

3

but he has listed Director John Baldwin. Therefore, Plaintiff could proceed with an ADA and RA claim against Baldwin in his official capacity, but any individual capacity claims against Baldwin or any individual or official capacity claim against any other Defendants must be dismissed.

Even if Plaintiff had identified the correct Defendant, it is still difficult to discern the basis for Plaintiff's ADA and RA claims with his repetitious pleading and his reference to dates as far back as 2008. In addition, it is unclear why Plaintiff included the denial of the accommodation of a mattress in a separate count.

Plaintiff also alleges the denial of the mattress violated his Eighth Amendment rights. However, he has failed to clearly identify which medical condition required the mattress, nor has he alleged any medical provider stated he needed a new or orthopedic mattress for this condition.

Plaintiff's second claim alleging deliberate indifference to a serious medical condition is also difficult to interpret. Instead of providing a short and plain statement of his intended claims as required by Federal Rule of Civil Procedure 8, Plaintiff makes reference to different medical conditions and different time periods.

It is particularly important that Plaintiff clearly state this claim and the time period of his claim since he has another lawsuit pending in the Northern District of Illinois which complains about the medical care he received for spinal stenosis, a bulging disc, degenerative joint disease, shoulder problems and carpal tunnel syndrome. *See Medrano v Ghosh*, Case No. 13-0084 in the Northern District, March 19, 2013 Opinion. Furthermore, it appears Plaintiff's claims in his Northern District

4

encompass a lack of care at Pontiac Correctional Center. Plaintiff may not repeat claims already pending in his Northern District lawsuit.

Plaintiff has also failed to articulate a Fourteenth Amendment claim based on a failure to respond to his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir.2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir.1982). Therefore, the alleged mishandling of Plaintiff's grievances states no claim for relief.

Given the difficulties in identifying Plaintiff's claims, the Court will dismiss Plaintiff's original complaint as a violation of Rule 8, but allow Plaintiff time to file an amended complaint clarifying his intended claims. Plaintiff's ADA or RA claim must be stated either against the Illinois Department of Corrections or Director Baldwin in his individual capacity. Plaintiff may not hold any other individual Defendant liable for a violation of the ADA or RA. Plaintiff must also limit his statement of this claim to one paragraph in which he identifies his specific disability, what accommodations he requested based on that disability, how the denial of the accommodation specifically impacted this condition, and the time frame of his allegation at Pontiac Correctional Center.

5

If Plaintiff intends to state an Eighth Amendment claim based on deliberate indifference to a serious medical condition, he must clearly state the serious medical condition, when he asked for care, who he asked for care, and how the denial impacted his condition. Plaintiff must NOT repeat any claim pending in his Northern District of Illinois case. In addition, as Plaintiff is represented by counsel in his other lawsuit, he should inquire whether counsel will represent him in this case.

Plaintiff is also reminded for any claim, he must explain how the individual Defendant was involved in his claims. Plaintiff cannot sue an individual under 42 U.S.C. §1983 simply because that individual was a supervisor and "responsible for the welfare of all inmates." (Comp., p. 6); *see also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* does not apply to § 1983 actions..."). Instead, the Plaintiff must show how each Defendant was personally involved in any constitutional deprivation. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir.2003).

In addition, simply sending a letter to a supervisor, particularly a supervisor who has authority over hundreds of inmates, is not sufficient to establish the Defendant had any direct knowledge of Plaintiff's complaints. *See Catrabone v. Farley*, 1995 WL 646281, at *6 (N.D.Ind. Oct. 10, 1995)( plaintiff "cannot establish personal involvement and subject an official to liability under § 1983 based merely upon a ...letter writing campaign."); *Lieberman v. Budz*, 2010 WL 369614, at *4 (N.D.Ill.,2010) ("Plaintiff cannot establish personal involvement on the part of Defendants based on letters he allegedly wrote notifying them about the misconduct."); *Crawford v. Roth,* 1994 WL 96659, *3 (N.D.Ill.1994)(prison warden's failure to respond to inmate's letter apprising warden of

misconduct by subordinates insufficient to subject warden to personal liability); *Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir.2006) (letters to Director "insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters).

Plaintiff must file his proposed amended complaint within 21 days of this order. Plaintiff must follow the directions provided in this order. In addition, the amended complaint must stand complete on its own and must not make reference to any previous complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8.

2) Plaintiff must file an amended complaint in compliance with this order within 21 days or on or before October 26, 2017. If Plaintiff fails to file his amended complaint by the deadline, his case will be dismissed.

3) The Clerk of the Court is to provide Plaintiff with a blank complaint form. The Clerk must also reset the internal merit review deadline within 21 days of this order.

4) Plaintiff's motions for a status update are denied as moot. [6, 7]. Plaintiff is admonished he must not file repetitive motions with the Court.

Entered this 5th day of October, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE