UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSE MEDRANO, )
   Plaintiff, )
) Case No. 17-1157
)
MICHAEL MELVIN, et. al., )
   Defendants. )

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to amend his complaint [10] and motion for appointment of counsel. [11].

Plaintiff' initial complaint was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* October 5, 2017 Merit Review Order, *see also* Fed.R.Civ.P. 8. Plaintiff's 40-page complaint listed 27 Defendants and alleged a variety of violations pursuant to the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), the First Amendment, the Fourth Amendment, the Eighth Amendment, the Fourteenth Amendment, and various state law claims. However, Plaintiff had not identified the correct Defendants, it was difficult to discern the basis of his claims, he repeated claims already pending in another lawsuit, and it appeared some claims were outside the two year statute of limitations period. Therefore, Plaintiff's complaint was dismissed, but he was given additional time to file an amended complaint clarifying his allegations. *See* October 5, 2017 Merit Review Order.

Plaintiff has now submitted a proposed amended complaint which has been filed as a motion for leave to amend. [10]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [10].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint is more concise, but now identifies 28 Defendants at Pontiac Correctional Center. Plaintiff repeats that he has been diagnosed with severe degenerative joint disease of the spine, a disk bulge, a sciatic nerve condition, foramina stenosis, a labrum tear in his shoulder and carpel tunnel. (Amd. Comp., p. 3). He claims all the conditions interfere with his life activities and qualify as a disability. As a result, Plaintiff first appears to claim he has a special cuffing permit, a low gallery permit, and a permit for a cane and wheelchair. (Amd., p. 3-4). However, at other instances in his amended complaint, Plaintiff seems to allege individuals either ignored his permits, or the permits had expired, or the permits were never issued.

Plaintiff also continues to allege all of his Defendants had notice of his condition because he sent them letters including some by certified mail. This is not sufficient. Plaintiff cannot choose who to hold responsible for his allegations merely by launching a letter writing campaign. *See Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir.2006)

2

(letters to Director "insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters); *Catrabone v. Farley*, 1995 WL 646281, at *6 (N.D.Ind. Oct. 10, 1995)( plaintiff "cannot establish personal involvement and subject an official to liability under § 1983 based merely upon a ...letter writing campaign."); *Lieberman v. Budz*, 2010 WL 369614, at *4 (N.D.Ill.,2010) ("Plaintiff cannot establish personal involvement on the part of Defendants based on letters he allegedly wrote notifying them about the misconduct.").

Plaintiff does make reference to the involvement of some individual Defendants in his amended complaint, but he simply claims they are responsible for events without explaining how or why. In this case, Plaintiff chose to name a wide range of Defendants with a wide range of responsibilities. Therefore, the Court cannot assume or infer the involvement of all Defendants. Plaintiff must explain the specific involvement of each Defendant in each relevant allegation.

Plaintiff still makes reference to falling in the shower in 2014, but Plaintiff says he began complaining about the lack of accommodations for his living conditions shortly after the incident. Nonetheless, his rambling account of events is difficult to follow. In addition, as the Court previously advised Plaintiff, his claims pursuant to the ADA or RA cannot proceed against "individual employees of IDOC." *Id*. Instead, the proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Peters*, 2017 WL 2533652, at *4; *Jaros*, 684 F.3d at 670 n.2. Plaintiff therefore can only proceed against Director John Baldwin in his official capacity for any ADA or RA violation.

Although Plaintiff was specifically admonished not to repeat any claims pending in other lawsuits, his second claim again alleges Defendants were deliberately indifferent to his severe degenerative joint disease of the spine, disk bulge, sciatic nerve condition, foramina stenosis, labrum tear and carpel tunnel. Plaintiff has a pending lawsuit in the Northern District of Illinois which complains about the medical care provided for these exact conditions and this lawsuit encompasses his care at Pontiac Correctional Center. *See Medrano v Ghosh*, Case No. 13-0084 in the Northern District, March 19, 2013 Opinion. If Plaintiff is attempting to state a new claim based on injuries he received after falling in the shower on November 15, 2015, then he must limit his claim to the specific injuries he suffered to his back and shoulder, not all medical conditions previously mentioned.

Plaintiff's final claim is actually several claims alleging "retaliation, conspiracy, violation of due process in malicious manner." (Amd Comp., p. 10). Plaintiff appears to be alleging doctors retaliated against him by falsifying medical records. Plaintiff also alleges Defendants violated his due process rights when they failed to properly respond to his grievances.

To state a First Amendment retaliation claim, a plaintiff must claim"(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff should identify the lawsuit(s) or grievance(s) which he

claims sparked the retaliatory action and a general time frame. In addition, Plaintiff has not clearly explained why he believes his medical records were falsified. If Plaintiff simply disagrees with the doctor's opinions or entries, this does not demonstrate fraud.

In addition, Plaintiff can not articulate a due process claim based on his problems with the grievance procedure. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause" of the Fourteenth Amendment. *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir.2011) (citations omitted). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, standing alone, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir.1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir.1982).

The Court acknowledges the pro se Plaintiff has made an effort to provide a more concise pleading with numbered paragraphs in his amended complaint. In addition, "*pro se* litigants are held to a lesser pleading standard than other parties," *Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008); *see also McGowan v.. Hulick,* 612 F.3d 636, 640 (7th Cir.2010) (noting that the district court must construe a *pro se* complaint liberally). However, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard,* 658 F.3d at 798; *Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir.2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be granted.")(citations omitted); *Vicom, Inc. v.*

5

*Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)(" A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Johnson v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.")

The Federal Rules of Civil Procedure provide guidance to individuals who wish to file a complaint. Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 also requires the pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

Plaintiff's complaint does not provide the clear notice of his claims required by the Federal Rules. Therefore, the Court will again dismiss his amended complaint, but will allow Plaintiff one final opportunity to file a second amended complaint. To assist the Plaintiff, he MUST follow the directions provided in this order. Plaintiff must answer specific questions.

For instance, if the Plaintiff intends to state a claim against Director Baldwin pursuant to the ADA and RA, he MUST answer the following questions:

1) What specific medical conditions did Plaintiff suffer from, when did he have each, and how did each condition impact his life activities?

2) Did Plaintiff have each of the following: a low gallery permit, a special cuff permit, and approval for the use of a cane and wheelchair? If not, when and how did he ask for these accommodations and why were each needed? If he did have any of these accommodations, when did Plaintiff have these permits and approvals and for what time period? If any of the permits or approvals was denied, when was it denied?

3) What other specific accommodations did Plaintiff need, why did he need each accommodation, and when and how did he ask for each accommodation?

If Plaintiff intends to state a claim based on deliberate indifference to his injuries after he fell in the shower on November 15, 2015, then he must answer the following questions:

1) When, where, and how did the Plaintiff fall? What injuries did he suffer?

2) Did Plaintiff report the fall? When, how and who did he report the fall to?

3) Did Plaintiff seek medical care? When, who, and how did he ask for medical care?

4) Did Plaintiff ever see a member of the medical staff? When and who did he see?

5) Did Plaintiff receive any medical care? When and who was involved in providing the medical care and what care was received? Did the care received help address the injuries received in the November 15, 2015 fall?

If Plaintiff is attempting to state a retaliation claim, he must answer the following questions:

1) What was his First Amendment protected activity? In other words, what specific lawsuit (s) or grievance (s) sparked the retaliatory conduct? When was it filed?

2) Who retaliated against the Plaintiff, when did they retaliate, and what did they do to retaliate?

If Plaintiff is attempting to state any other claims, he must follow the same format. He must provide numbered paragraphs, state who was involved, when it occurred, where it occurred, and briefly what happened.

This Court does have "a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim," *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles have some limits." *Stanard,* 658 F.3d at 801. Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Therefore, Plaintiff MUST follow the directions in this order. *See Wilson v. Bruce*, 2010 WL 4467866 at 2 (7th Cir. Nov. 9, 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders."). The second amended complaint must include all intended claims and Defendants, and must not make reference to any previous complaint.

IT IS THEREFORE ORDERED that:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [10]

2) Based on a review of the amended complaint pursuant to 28 U.S.C. §1915A, the Court finds the amended complaint is a violation of Rule 8 of the Federal Rules of Civil Procedure and is dismissed.

2) The Court will allow the Plaintiff one FINAL opportunity to amend his complaint. The second amended complaint MUST follow the specific directions followed in this order, and must be filed within 21 days or on or before April 24, 2018. If Plaintiff does not follow the Court's directions or does not file his amended complaint by the April 24, 2018 deadline, this case will be dismissed.

3) The Plaintiff's motion for appointment of counsel is denied with leave to renew once he clarifies his allegations. [11].

4) The Clerk of the Court is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 21 days of this order.

Entered this 3rd day of April, 2018.


                              s/ James E. Shadid

                    _____
                              JAMES E. SHADID
                         UNITED STATES DISTRICT JUDGE