UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSE MEDRANO, | ) | |
|    Plaintiff, | ) | |
| | ) | Case No. 17-1157 |
| | ) | |
| MICHAEL MELVIN, et. al., | ) | |
|    Defendants. | ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiff's second motion for leave to amend his complaint [16] and renewed motion for appointment of counsel. [17].

Plaintiff' first, 40-page complaint naming 27 Defendants was dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* October 5, 2017 Merit Review Order, *see also* Fed.R.Civ.P. 8. Plaintiff alleged a wide variety of allegations, but it was difficult to discern the basis for his claims. In addition, Plaintiff had not identified the proper Defendants, repeated claims already pending in another lawsuit, and some claims were outside the two year statute of limitations period. Therefore, Plaintiff's complaint was dismissed, but he was given additional time to file an amended complaint clarifying his allegations. *See* October 5, 2017 Merit Review Order.

Plaintiff's first proposed amended complaint was also dismissed as a violation of Rule 8. *See* April 3, 2018 Merit Review Order.

   Plaintiff repeats that he has been diagnosed with severe degenerative joint disease of the spine, a disk bulge, a sciatic nerve condition, foramina stenosis, a labrum tear in his shoulder and carpel tunnel. He claims all the conditions interfere with his life activities and qualify as a disability. As a

1

result, Plaintiff first appears to claim he has a special cuffing permit, a low gallery permit, and a permit for a cane and wheelchair. However, at other instances in his amended complaint, Plaintiff seems to allege individuals either ignored his permits, or the permits had expired, or the permits were never issued. April 3, 2018 Merit Review Order, p. 2

Plaintiff failed to explain how several Defendants were liable for his claims and it was difficult to follow Plaintiff's rambling account of events. In addition, it appeared Plaintiff was still repeating claims already pending in another lawsuit in the Northern District of Illinois. *See Medrano v. Ghosh*, Case No. 13-0084(complaining of care provided at Pontiac for severe degenerative joint disease of the spine, disk bulge, sciatic nerve condition, foramina stenosis, labrum tear and carpel tunnel). "If Plaintiff is attempting to state a new claim based on injuries he received after falling in the shower on November 15, 2015, then he must limit his claim to the specific injuries he suffered to his back and shoulder, not all medical conditions previously mentioned." April 3, 2018 Merit Review Order, p. 4. Finally, the Court found Plaintiff had failed to articulate a retaliation claim or a due process claim.

Plaintiff's amended complaint was dismissed, but the Court provided additional guidance to assist Plaintiff in filing a second amended complaint. *See* April 3, 2018 Merit Review Order. The Court outlined specific questions Plaintiff must answer in order to state an ADA claim, a claim of deliberate indifference to a serious medical condition, and a retaliation claim.

Plaintiff was given a deadline for filing his proposed second amended complaint and advised he must follow the Court's directions or his case could be dismissed.

Instead, Plaintiff filed two motions for an extension of time which were granted by the Court. Plaintiff has now filed his second motion for leave to amend. [16].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Unfortunately, Plaintiff did not follow the Court's directions and his proposed complaint does not provide specific time frames for any allegation. This is particularly important for Plaintiff since he cannot re-litigate issues previously addressed in the Northern District. *See Medrano v. Ghosh*, Case No. 13-084. For instance, Plaintiff says IDOC violated his ADA rights by failing to provide him with a required wheelchair or the use of an elevator. As a result, Plaintiff says he was denied opportunities to attend the law library, religious services, drug programs, or "rec programs." (Comp., p. 9). Plaintiff does not state when this occurred, or even at which facility it occurred. In addition, it is not clear what medical conditions form the basis of his ADA claim. Furthermore, at other times in his complaint, Plaintiff talks about needing a low bunk permit to avoid stairs, but not the need for a wheelchair.

Plaintiff also appears to allege he was given a special cuffing permit, but unnamed individuals ignored the permit due to previous, unspecified complaints.

Plaintiff also alleges at some unspecified time, guards were ordered to ignore his low gallery requirement causing him severe pain when he had to go up and down stairs.

Plaintiff again says he complained about problems in the shower room, but his complaints were ignored leading to his fall in 2015.

Plaintiff alleges Dr. Tilden denied him needed pain medication, but he does not provide a time frame. Again, it is unclear if Plaintiff is simply repeating the claim he has already litigated in the Northern District. For all the reasons stated, Plaintiff's motion to amend is denied. [16].

The Court notes Plaintiff has successfully articulated claims in other §1983 litigation. *See Medrano v Pfister*, Case No. 16-1333 in the Central District; *Medrano v Smith*, Case No. 04-1399; *Medrano v. Ghosh*, Case No. 13-084; *Medrano v Fairman*, Case No. 93-1407; and *Medrano v. Cook* Co, Case No. 94-4973 in the Northern District. Nonetheless, Plaintiff still has not provided the proper notice of his intended claims in the case at bar. Rather than ask Plaintiff to file one more proposed complaint, the Court will make one final effort to assist Plaintiff in clarifying his intended allegations.

Plaintiff MUST provide a short response to each of the following questions.

4

1) During what time frame is Plaintiff alleging his rights were violated at Pontiac Correctional Center? Plaintiff should include the beginning and end date for his allegations.

2) What specific medical conditions did Plaintiff suffer from during this specific time? For each condition, Plaintiff should briefly explain the symptoms he suffered with and how those symptoms impacted his living conditions or activities.

3) During the relevant time period, Plaintiff should list the specific accommodations he requested, when he made the request, how he made the request, and what response he received. If Plaintiff was denied an accommodation, Plaintiff should explain how the denial impacted his daily activities.

4) Plaintiff claims Dr. Tilden refused needed pain medication. Plaintiff must first provide the specific time frame Dr. Tilden refused to provide him pain medication. In addition, Plaintiff must state why he needed pain medication, and how Dr. Tilden knew he needed pain medication.

5) If Plaintiff is alleging a retaliation claim, he must first state what activity prompted the retaliation. In other words, what grievance or complaint sparked the retaliation and when did Plaintiff file his grievance or complaint?

6) Finally, Plaintiff should state what any Defendant did to retaliate against him. Plaintiff must state specifically who was involved, when it occurred, and what happened.

Plaintiff must provide concise answers to each of the six questions within 21 days of this order. Plaintiff must not provide additional exhibits or information, but instead direct answers to each question. If Plaintiff does not follow the Court's specific direction and does not answer the six questions listed, his case will be dismissed.

Furthermore, Plaintiff has now been provided repeated instructions and several months to clarify his claims. If Plaintiff does not answer each of the specific questions within 21 days or on or before November 2, 2018, his case will be dismissed.

While this Court has acknowledged it must allow pro se litigants like the Plaintiff ample opportunity to amend his complaint if it appears he might have a meritorious claim, there are limits to this principle. Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard v Nygren*, 658 F.3d 792, 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

IT IS THEREFORE ORDERED that:

1) Plaintiff's motion for leave to file a second amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [16]

6

2) Based on a review of the second amended complaint pursuant to 28 U.S.C. §1915A, the Court finds the amended complaint is a violation of Rule 8 of the Federal Rules of Civil Procedure and is dismissed.

3) If Plaintiff wishes to pursue this litigation, he must provide short and plain responses to the six questions proposed by the Court in this order. Plaintiff must file his written responses to the six questions within 21 days or on or before November 2, 2018.

4) If Plaintiff ignores this Court order, and fails to provide a specific response to each of the six questions, his case will be dismissed. If Plaintiff does not file a response to the six questions within 21 days or on or before November 2, 2018, his case will be dismissed. The Court will not consider additional motions to continue without good cause shown.

5) Plaintiff's motion for appointment of counsel is denied with leave to renew once he clarifies his allegations. [17].

6) The Clerk of the Court is to reset the merit review deadline within 21 days of this order.

Entered this 12th day of October, 2018.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE